**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-09167-CAS(GJSx) | Date | May 10, 2017 |
|---|---|---|---|
| Title | WWW.RICARDOPACHECO.COM ET AL. v. CITY OF BALDWIN PARK | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE (Dkt. 21, filed December 27, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of May 15, 2017 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On December 12, 2016, plaintiffs www.RicardoPacheco.com, an unincorporated association, and Gregory Tuttle filed the instant action against defendant City of Baldwin Park ("City"). Dkt. 1 ("Compl."). The gravamen of plaintiffs' complaint is that the City has enforced an allegedly unconstitutional ordinance that restricts core political speech on private property.

On December 14, 2016, plaintiffs filed an ex parte application for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not issue. Dkt. 9.

On December 27, 2016, the Court denied plaintiffs' application for a temporary restraining order. Dkt. 21. The Court concluded that plaintiffs were likely to succeed on the merits of their claim that the City's sign ordinance was an impermissible content-based restriction on speech. Id. at 5. The Court further concluded that plaintiffs had shown that the balance of equities and the public interest weighed in favor of a TRO. Id. at 6–7. However, because plaintiffs did not allege any exigency, the Court concluded that the matter was "better decided on a more complete record and upon a full hearing as to whether a preliminary injunction should issue." Id. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-09167-CAS(GJSx) | Date | May 10, 2017 |
|---|---|---|---|
| Title | WWW.RICARDOPACHECO.COM ET AL. v. CITY OF BALDWIN PARK | | |

On January 6, 2017, the parties requested a continuance of the hearing regarding a preliminary injunction because the City was "considering revising portions of its Zoning Code, including the portions challenged by Plaintiffs, and in ways that counsel for the parties believe may resolve some or all of the issues raised by Plaintiffs' lawsuit." Dkt. 22 at 1.

On April 24, 2017, the City filed an opposition to plaintiff's request for a preliminary injunction. Dkt. 31 ("Opp'n"). Although the City amended its sign ordinance, "[t]he parties disagree as to the extent to which the Amended Sign Ordinance satisfies Plaintiff's complaint." Id. at 3. Plaintiffs filed a reply on May 1, 2017. Dkt. 32 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. The Original Sign Ordinance

Originally, Baldwin Park Municipal Code ("BPMC") § 153.170.030 required individuals to obtain a permit before displaying a sign within the City, unless the sign is expressly exempted by § 154.170.040. Compl. ¶ 12. There was no time limit for deciding whether to grant or deny a permit. Id. ¶ 23.

BPMC § 153.170.040(C)(11) exempted from the permit requirement political signs on private property, but only for those signs related to elections and only for the "45 days prior to [an] election" and no later than "14 days following the election." Id. ¶ 13. BPMC §153.170.040(C)(10) exempted "noncommercial signs on private property," but allowed each property to display only two signs, including flags, restricting the size of each sign to five square feet and each flag to six square feet. Id. ¶ 16. Other exemptions addressed other categories of signs, including, inter alia real estate signs, holiday signs, and signs at construction sites. Id. ¶¶ 17–22.

Plaintiff www.RicardoPacheco.com is, according to plaintiffs, an "unincorporated association" that seeks to promote transparent governance in the City of Baldwin Park. Id. ¶ 8. The association's website apparently focuses on the actions of Councilmember Ricardo Pacheco. Id. Tuttle is "a participant . . . in the website." Id. ¶ 9. In November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-cv-09167-CAS(GJSx) | Date | May 10, 2017 |
|---|---|---|---|
| Title | WWW.RICARDOPACHECO.COM ET AL. v. CITY OF BALDWIN PARK | | |

2016, four members of the association, including Tuttle, received warnings that the signs they were displaying on private property violated the City's sign ordinance. Id. ¶ 7. Tuttle and one other person received administrative citations directing them to remove the signs and pay fines, and threatening heightened fines for each day the violation continued. Id. ¶¶ 7, 27, 31. Plaintiffs allege that, as a result of the enforcement of the City's original sign ordinance, members of the association "were forced to remove their signs" and other members "have been deterred from displaying their own signs relating to City politics and their affiliated organization's views because of the threat of prosecution, both administrative and criminal, and the imposition of fines." Id. ¶ 37.

### B.   The Amended Sign Ordinance

On April 5, 2017, Baldwin Park's City Council adopted an amended sign ordinance. Dkt 31-1, Declaration of Robert Nacionales Tafoya ¶¶ 4–5 & Ex. 1 ("Amended Ordinance").

Like the original ordinance, the Amended Ordinance requires individuals to obtain a permit before displaying a sign within the City, unless the sign is expressly exempted by § 154.170.040. However, the *new* Section § 154.170.040 creates a classification scheme with two general categories: non-residential and residential. BPMC § 153.170.040(C).

With respect to non-residential signs, the new ordinance limits the number and size of signs and flags that may be displayed. Id. § 153.170.040(C)(1). The permissible number and size of such displays is greater for non-residential property of more than 175,000 square feet in lot size. Id.

With respect to residential signs, the new ordinance limits the number and size of signs and flags that may be displayed. Id. § 153.170.040(C)(2). The permissible number and size of such displays is smaller for residential properties than for non-residential properties. Id.

The Amended Ordinance provides the following exceptions to the general rules for residential and non-residential restrictions:

- For three days before and after Memorial Day, Independence Day, and Veterans Day, an additional flag may be displayed. Id. § 153.170.040(C)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-09167-CAS(GJSx) | Date | May 10, 2017 |
| Title | WWW.RICARDOPACHECO.COM ET AL. v. CITY OF BALDWIN PARK | | |

- For 45 days before and 14 days after any election for which there are polling places operating in the City, five additional signs of up to 12 square feet and four feet tall may be displayed. Id. § 153.170.040(C)(4).
- A business holding a grand opening or promoting a special product, sale, or event may display one temporary sign that does not exceed 50 square feet, for no longer than 30 consecutive days, and for no more than four non-consecutive times during a 12-month period. Id. § 153.170.060(A)–(B).
- A newly established business may display up to three temporary signs, the combined size of which may not exceed 60 square feet, for no more than 60 days (with the possibility for a 60-day extension). Id. § 153.170.060(C).

The Amended Ordinance also provides sign regulations for specific land uses, including for service stations and automobile dealerships. Id. § 153.170.090. Finally, the Amended Ordinance provides time limits for approval of permit applications for temporary and permanent signs. Id. § 153.210.265.

## III. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). Therefore, a district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Id. at 22. Such a showing requires that the plaintiff establish he or she "is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009); see also Johnson v. Couturier, 572 F.3d 1067, 1081 (9th Cir. 2009); Am. Trucking Ass'ns Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011) (interpreting Winter and explaining that the "sliding scale" test for preliminary injunctive relief remains valid). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-09167-CAS(GJSx) | Date | May 10, 2017 |
|---|---|---|---|
| Title | WWW.RICARDOPACHECO.COM ET AL. v. CITY OF BALDWIN PARK | | |

A plaintiff seeking a preliminary injunction must show more than the "possibility" of irreparable injury; he must demonstrate that irreparable injury is "likely" in the absence of preliminary relief. Winter, 555 U.S. at 22; Am. Trucking, 559 F.3d at 1052. It is not enough that the claimed harm be irreparable—it also must be imminent. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Further, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief," rather than merely allege imminent harm. Id. (emphasis in original). Conclusory affidavits are insufficient to demonstrate irreparable harm. Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473 (9th Cir. 1985).

## IV. DISCUSSION

The City argues that plaintiffs' request for a preliminary injunction is moot because the City voluntarily amended and repealed the originally challenged ordinance. Opp'n at 5–7.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 133 S. Ct. 721, 726 (2013) (quotation marks omitted). "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." Knox v. Serv. Employees Int'l Union, Local 1000, 567 U.S. 298, 132 S. Ct. 2277, 2287 (2012). "A statutory change, however, is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir. 1994). "By contrast, repeal or amendment of an ordinance *by a local government* or agency does not necessarily deprive a federal court of its power to determine the legality of the practice at issue, though it may do so in certain circumstances[.]" Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citations omitted, emphasis added); see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1031–32 (9th Cir. 2006) (holding that amendments to city ordinances had rendered facial challenges to those ordinances moot); Zuvich v. City of Los Angeles, 651 F. App'x 669, 671 (9th Cir. 2016) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-09167-CAS(GJSx) | Date | May 10, 2017 |
| Title | WWW.RICARDOPACHECO.COM ET AL. v. CITY OF BALDWIN PARK | | |

It is unclear whether the issuance of the Amended Ordinances necessarily moots plaintiffs' request for injunctive relief. Nevertheless, in light of the entirely new scheme advanced by the Amended Ordinance, the Court thus finds it inappropriate to determine whether plaintiffs are entitled to injunctive relief on the present record. Plaintiffs fail to make a "*clear showing* that [they are] entitled to such relief" because, for example, plaintiffs have not introduced any evidence demonstrating that the Amended Ordinance causes them to suffer irreparable harm. See Winter, 555 U.S. at 22. Plaintiffs have not alleged whether and how the new ordinances have been applied to plaintiffs. Furthermore, plaintiffs do not address the balance of the equities or the public interest in the context of the Amended Ordinance. See generally Reply. Finally, in their Reply, plaintiffs advance entirely new arguments regarding the constitutionality of the Amended Ordinance, but the City has not had an opportunity to respond to such arguments.

Accordingly, the Court directs plaintiff to file: (a) an amended complaint setting forth plaintiffs' allegations regarding the Amended Ordinance; and (b) a renewed request for injunctive relief articulating why plaintiffs are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." See Winter, 555 U.S. at 20.

## V. CONCLUSION

In accordance with the foregoing, plaintiffs' request for a preliminary injunction is **DENIED without prejudice** to plaintiffs' filing an amended complaint and a renewed request for injunctive relief on or before May 31, 2017. The City shall file an opposition to plaintiffs' request for injunctive relief on or before June 14, 2017, and plaintiffs shall file a reply on or before June 21, 2017.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |